***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Taylor. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pretrial agreement, incorporated herein by reference, at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. All parties are subject to the North Carolina Tort Claims Act.
2. Plaintiff, Hilton Simmons, is the duly appointed Guardian Ad Litem for the minor child, Ashleigh Simmons, and all plaintiffs are citizens and residents of Columbus County, North Carolina.
3. Defendant is a corporate body that operates Columbus County Schools, and all principals and teachers, including those at Evergreen Elementary School, are employees of defendant.
4. On or about February 20, 1995, Emma Ford was employed as a bus driver for Columbus County Schools and the Columbus County Board of Education.
5. On February 20, 1995, the minor child, Ashleigh Simmons, was a student at Evergreen Elementary School and rode the bus to and from school.
6. On February 20, 1995, the minor child, Ashleigh Simmons, rode the bus with Jasper Williams and his younger brother, André Williams.
7. The parties stipulated into evidence, a notebook of stipulated medical records and itemized statements as StipulatedExhibit 1.
8. Following the hearing, the parties stipulated into evidence, the medical reports, records, etc., of William Link, Ph.D., asStipulated Exhibit 2.
 ***********
Based upon the credible evidence of record and reasonable inferences drawn therefrom, the Full Commission finds as fact the following:
 FINDINGS OF FACT
1. On February 20, 1995, plaintiff was an 11-year-old student attending Evergreen Elementary School. She had ridden the bus to and from school for approximately six years prior. The driver of the bus was Ms. Emma Ford.
2. On the afternoon of February 20, 1995, the students on the bus loaded normally and Ms. Ford began to drive her regular route. The usual route for the bus would have taken plaintiff down Evergreen School Road toward Old Highway 74, left on Old Highway 74, and a second left on to Haynes Lennon Road down, which the bus traveled for some way before letting off its first student. The bus was a 60-passenger bus.
3. On the afternoon of February 20, 1995, Ms. Ford customarily drove on Evergreen School Road to the stop sign at Old Highway 74. Prior to turning on to Old Highway 74, Ms. Ford testified that she looked in her mirror and noticed that plaintiff and another student, Jasper Williams, were "hitting each other back and forth." At that point, Ms. Ford yelled back: "Y'all stop what you're doing." Ms. Ford testified that the students did not respond to her command.
4. Jasper Williams was considerably bigger than plaintiff. Ms. Ford and plaintiff testified that Jasper Williams was about 6 feet tall and weighed between 175 and 200 pounds. Plaintiff testified that she was about 4 feet tall, and the medical record made at the emergency room following the assault showed she weighed 124 pounds.
5. As the bus turned on to Old Highway 74 from Evergreen School Road, Jasper Williams began to hit plaintiff very hard on her body. Ms. Ford neither stopped the bus nor took any further action to address the escalating situation; rather, she resumed driving the bus and continued toward Haynes Lennon Road.
6. As Ms. Ford came to a stop at Haynes Lennon Road, she looked into her rearview mirror and saw that the fight was continuing. During her testimony, Ms. Ford could not recall saying anything further to stop the fight at that time. She stated: "I just felt like I needed someone to help me with the situation" and made the decision to return to the school to seek help.
7. When Ms. Ford returned the bus to the school, a male teacher immediately boarded the bus, stopped the fighting, and removed Jasper Williams.
8. Plaintiff received physical injuries as a result of the attack by Jasper Williams. She presented to the Columbus County Hospital Emergency Room with a fractured mid-clavicle, hematoma above the right eye, ecchymosis of the left eye, and head pain. Plaintiff was also diagnosed as having a mild traumatic brain injury, which was treated by physical therapy and medication.
9. At the initial hearing in this matter, the Deputy Commissioner received into evidence the North Carolina Department of Transportation's Handbook for School Bus Drivers, marked asPlaintiff's Exhibit No. 6. The handbook states in pertinent part: "In general, in cases of misbehavior, the driver should: (1) select a safe place to pull off the roadway; (2) restore order; and (3) report misbehavior to the principal, if necessary."
10. There is no evidence that Ms. Ford could not locate a spot to pull over to the side of the road safely to enable her to restore order and safety on her bus. Because Ms. Ford decided to return to the school, instead of pulling the bus over safely, Jasper Williams was given additional time in which to continue severely beating plaintiff. The Full Commission finds Ms. Ford's decision to return to the school instead of pulling off the roadway to restore order on her bus to be a negligent breach of the duty of care owed to plaintiff. The fact that Ms. Ford yelled a solitary warning command ("Y'all stop what you're doing.") toward the back of the bus simply does not rise to the level of care owed to plaintiff. As soon as Ms. Ford realized the fight was continuing despite her warning command, she should have takenimmediate action to find a safe place to pull over and restore order and safety on her bus.
11. The defendant has argued that Ms. Ford was afraid to approach the fighting students because Jasper was bigger than her. However, nowhere in Ms. Ford's testimony does she ever state that she was afraid of him or of what action he would have taken had she stopped the bus. In fact, Ms. Ford testified to an incident with Jasper Williams two years prior to the February 20, 1995, incident. On that occasion, Ms. Ford gave Jasper a verbal warning to stop assaulting a girl by the name of Chrystal and Jasper promptly obeyed. Thus, the Full Commission finds insufficient evidence to find that Ms. Ford could not stop the bus and take control of the situation because of any fear for her own safety.
12. The defendant has also argued that Ms. Ford's decision to take no action (absent a solitary warning command) toward stopping the fight on the bus in favor of returning to the school for help was reasonable considering that the bus was only a short distance (less than a half-mile) from the school. However, Ms. Ford testified that she would have acted in the same manner even if the fight had occurred while the bus was 10 miles from the school. The Full Commission finds this statement as evidence of Ms. Ford's total disregard for, or complete ignorance of, the rules of safety established by the NC Department of Transportation.
13. Ms. Ford (as defendant's agent) had a duty to follow the rules of safety for school bus drivers, as provided by the NC Department of Transportation, when ensuring the safety and protection of the students on her bus, including plaintiff.
14. During the incident on February 20, 1995, Ms. Ford breached the duty of care owed to plaintiff by failing to follow safety procedures that require her to pull over to the side of the road safely to restore order on her bus.
15. The breach of duty proximately caused plaintiff to be subjected to a prolonged and severe beating at the hands of Jasper Williams, which could have been prevented had Ms. Ford taken immediate action to pull over and restore order on her bus instead of driving back to the school.
16. Plaintiff suffered injury and medical expenses in the amount of $8,567.79, as a consequence of defendant's negligent breach of the duty of care owed plaintiff. Plaintiff was subjected to rigorous psychological and neurological testing, and had to endure physical therapy for her arm and shoulder. As of the time of the hearing before the Deputy Commissioner, plaintiff continues to suffer from headaches and neck pain.
17. In the weeks and months following the assault, plaintiff suffered from nightmares and could not sleep during the night. Plaintiff was terrified of going to school and her academic performance declined. As of the time of the hearing before the Deputy Commissioner, plaintiff continued to suffer from nightmares at least once a week, and reported an atypical fear of large men. The Full Commission finds plaintiff experienced pain and suffering as a consequence of the February 20, 1995, incident.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. An award against a county board of education under the provisions of the Tort Claims Act must be predicated on the negligent act or omission of the driver of a school bus who was employed at the time by the county of which such board was the governing body. N.C. Gen. Stat. § 143-300.1.
2. A claim for negligence under the Tort Claims Act requires plaintiff to prove the same elements as a private individual in a law suit: (1) that defendant owed plaintiff a duty of care under the circumstances; (2) that the actions or omissions by at least one of the named employees of defendant constituted a breach of that duty; (3) that the breach was the actual and proximate cause of plaintiff's injury; and (4) that plaintiff suffered damages.Davidson v. University of North Carolina at Chapel Hill,142 N.C. 544, 543 S.E.2d 920 (2001). In the present case, Ms. Ford (as defendant's agent) had a duty to follow the rules of safety for school bus drivers, as provided by the NC Department of Transportation, when ensuring the safety and protection of the students on her bus, including plaintiff. During the incident on February 20, 1995, Ms. Ford breached that duty of care owed to plaintiff by failing to follow safety procedures that require her to pull over to the side of the road safely to restore order on her bus. This breach of duty proximately caused plaintiff to be subjected to a severe and prolonged beating at the hands of Jasper Williams, which could have been prevented had Ms. Ford taken immediate action to pull over and restore order on her bus instead of driving back to the school. Plaintiff suffered injury and medical expenses in the amount of $8,567.79, as well as pain and suffering, as a consequence of defendant's negligent breach of the duty of care owed plaintiff. Id.
 ***********
The foregoing stipulations, findings of fact and conclusions of law engender the following:
 ORDER
1. Defendant shall pay to plaintiff in lump sum the amount of $8,567.79 as reimbursement for plaintiff's medical expenses arising out of the February 20, 1995, incident in which plaintiff suffered injury as a consequence of defendant's negligent breach of a duty owed plaintiff while she was school bus passenger under defendant's care.
2. Defendant shall pay to plaintiff in lump sum the amount of $34,000.00 as reimbursement for plaintiff's pain and suffering arising out of the February 20, 1995, incident.
3. Defendant shall pay the costs.
This 3rd day of February 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER